```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. CROIX
```

**UNITED STATES OF AMERICA,** ) **D.C. CR. NO. 1999-066-01**
    Plaintiff, )
    v. ) Ref:    D.C. CV. No. 2005-040
)             D.C. CV. No. 2005-059
**ALEX HODGE,** )             D.C. CV. No. 2005-168
    Defendant. )
_____ )

# O R D E R

    **THIS MATTER** is before the Court on Alex Hodge's *pro se* petition for early termination or modification of his term of supervised release, and petition pursuant to 50 U.S.C. § 501 *et seq.* and the Holy Scriptures to terminate all DEA, FBI, BICE, NADDIS and U.S. Marshal numbering associated with his name, because it is "in direct conflict with the Natural Law of THE MOST HIGH." (Pet. at 2.)

    Upon a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment based on a guideline sentencing range that was subsequently lowered and made retroactive by the U.S. Sentencing Commission pursuant to 28 U.S.C. § 994(u), Hodge's sentence was reduced, and his term of supervised release was reduced to five (5) years. Hodge was released from prison on or about November 10, 2008.

    Hodge argues that he has been gainfully employed since his release from incarceration and has abided by all rules, regulations, and conditions of release. Hodge now states that the "time has arrived for his mandatory once in a lifetime" six-month religious sojourn to the "Motherland" for "[r]edemption and enlightenment." (Pet. for Early Termination at 2.) Hodge further argues that continuation of his supervised release would only serve to preclude him from observing his religious rights. Lastly, Hodge contends that granting him the requested

relief would add no undue burden on the U.S. probation Office, because that office already has an "overloaded" caseload. No response was sought from the government.

> Title 18 U.S.C. § 3583(e) provides in relevant part that:
>
> The Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>     (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice ....

18 U.S.C. § 3583(e)(1); *see United States v. Johnson*, 529 U.S. 53, 60 (2000). The Court finds commendable Hodge's attempts to abide by the law and his conditions of release. However, the Court, after considering the factors set forth under 18 U.S.C. § 3553(a), is not persuaded that the relief requested by Hodge is warranted at this time. Having duly considered the premises, it is hereby

**ORDERED** that Hodge's request for a hearing is **DENIED**; and further

**ORDERED** that Hodge's Motion to Advance the Cause is **GRANTED** insofar as the Court will promptly address Hodge's pending motions; and further

**ORDERED** that Hodge's Petition for Early Termination of Term of Supervised Release is **DENIED**; and finally

**ORDERED** that Hodge's petition to terminate all DEA, FBI, BICE, NADDIS and U.S. Marshal numbering associated with his name is **DENIED**.

**DONE AND SO ORDERED** this 15 day of January 2010.

                              **E N T E R:**

                              /s/
                              _____
                              **RAYMOND L. FINCH
                              SENIOR DISTRICT JUDGE**

*USA v. Hodge*
D.C. CR. NO. 1999-066
Order
Page 3

Copies to:
    George W. Cannon, Jr., Magistrate Judge
    United States Attorney
    Alex Hodge, P.O. Box 6393, St. Thomas, VI 00804
    Brian Smith, U.S. Probation